[No. 11568.   Department One. — June 9, 1887.]

J. R. SIMMONS, APPELLANT, *v.* HERMAN BRINK-
MEYER, RESPONDENT.

MALICIOUS PROSECUTION — WANT OF PROBABLE CAUSE — NONSUIT — INDE-
CENT EXPOSURE. — The action was brought to recover damages for the
malicious prosecution of a charge of indecent exposure.   On the trial, a
nonsuit was granted, on the ground that the evidence failed to show a
want of probable cause for the prosecution.   The plaintiff testified that
at the time of the alleged exposure he did not know that he was in sight
of any one, or at a place where he was likely to be seen, and that he
made no improper exposure of his person.   He further testified that he
supposed the place was one frequently used for the purpose for which he
was using it.   *Held*, that the question as to the want of probable cause
should have been submitted to the jury.

APPEAL from a judgment of the Superior Court of
San Bernardino County, and from an order refusing a
new trial.

The facts are stated in the opinion of the court.

*Curtis & Otis*, for Appellant.

*Rowell & Rowell*, for Respondent.

TEMPLE, J. — This is an appeal from a judgment of
nonsuit, in an action to recover damages for malicious
prosecution.   The nonsuit was granted on the ground
that the evidence failed to show want of probable cause
in the prosecution complained of.

There was no question as to the sufficiency of the evi-
dence as to malice, or that the charge had been dis-
missed, and we think there was evidence to sustain
the charge that the prosecution was without probable
cause.

The plaintiff was prosecuted for indecent exposure of
his person, and if his testimony in this case be true,
there was no ground whatever for making such a charge
against him.   He testifies that he did not know that he
was in sight of any person whatever, or at a point where

any one was likely to see him, and in effect also that there was in fact no improper exposure of his person. He further testified that at the time he supposed the place was one frequently used for the purpose for which he was using it, and did not know that the prosecuting witness or his family were likely to see him, or be offended by the act. If this be so, the mere fact that he was seen would not constitute a violation of the law. At all events, there can be no doubt that the evidence made a case for the jury.

Judgment reversed, and cause remanded for a new trial.

McKinstry, J., and Paterson, J., concurred.